# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 15 B 21351 |
| MICHAEL J. ZITA ) | |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |
| _____ ) | Judge CAROL A DOYLE |

## NOTICE AND CERTIFICATE OF SERVICE

TO:  Mr. Paul Bach                Tom Vaughn                    Michael J. Zita
     Sulaiman Law Group,          Chapter 13 Trustee            181 Herrick Road
     Ltd.                         55 E. Monroe St.              Riverside, IL  60546
     900 Jorie Boulevard          Suite 3850
     Suite 150                    Chicago, IL  60603
     Oak Brook, IL  60523

PLEASE TAKE NOTICE THAT on August 25th, 2015, at 10:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Carol A. Doyle in Courtroom 742 at the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois  60603, or any other judge sitting in her stead, and then and there present OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN, a copy of which is attached hereto and is herewith served upon you.

　　　　　　　　　　　　　　　　　　　　　 /s/ Jay A. Andrew
　　　　　　　　　　　　　　　　　　　　　JAY A. ANDREW
　　　　　　　　　　　　　　　　　　　　　Attorney for B. Bruce, Inc.

Drost, Gilbert, Andrew & Apicella, LLC
800 E. Northwest Hwy., Ste. 1090
Palatine, IL  60074
(847) 934-6000
Attorney No. 6269336

## CERTIFICATE OF SERVICE

I, Jay A. Andrew, an attorney, certify that I served a copy of the foregoing OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN on August 6, 2015 via U.S. Mail to the Debtor, and electronic notice through the CM/ECF system to all other parties before the hour of 6:00 p.m.

　　　　　　　　　　　　　　　　　　　　　 /s/ Jay A. Andrew
　　　　　　　　　　　　　　　　　　　　　JAY A. ANDREW

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No.   15 B 21351 |
| | ) | |
| Michael J. Zita | ) | Judge Carol A Doyle |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Movant, B. Bruce, Inc., hereby moves the Court to deny confirmation of Debtor's Chapter 13 Plan, and in support thereof, states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. Venue of this action is proper in this District pursuant to 28 U.S.C. § 1472.

3. On or about June 19th, 2015, a Voluntary Petition under Chapter 13 of the Bankruptcy Code was filed by Debtor(s) Michael J. Zita, which is presently pending in the above entitled Court.

4. Tom Vaughn is the duly appointed Chapter 13 Trustee and is included as a party in this Motion in his capacity as Trustee only.

5. On or about November 8, 2008, Movant was hired as a subcontractor to provide certain labor, materials and equipment ("Contract") for improvements on the Debtor's real estate located at 181 Herrick Road, Riverside, Illinois 60546 (the "Property").

6. On or about the above referenced date and thereafter, and as a part of the above described Contract, B. Bruce, Inc. provided such labor, materials and equipment. A true and correct

copy of the Movant's recorded Mechanics' Lien is attached hereto as Exhibit 1 and incorporated herein by reference.

7. At all times herein relevant, Movant has had a perfected security interest in the Property.

8. Under § 506 (a)(1) value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

9. Under 506(a) the "replacement value" of the principal residence is the fair market value since the house is not being replaced.

10. Attached hereto as Exhibit 2 is Schedule A of the Debtor's petition placing a value on the real estate of $700,000.00.

11. The Debtor lists only $256,273.08 in secured claims against the real estate.

12. Debtor has filed a Chapter 13 Plan which proposes to pay the Movant as an unsecured creditor on its claim of $134,107.04. Movant is entitled to the full amount of its claim as a lien against the real estate.

13. There is sufficient equity in the real estate to satisfy all secured claims.

14. Pursuant to 11 U.S.C. § 1322(b), prevents debtors from changing the rights of creditors whose claims are secured only by a security interest in the principal residence of the detor.

15. Moreover, Debtor's plan proposes to pay interest on the Movant's secured claim at the rate of 0.0%, which does not adequately compensate for the risk of default. *See*, Till v. SCS Credit Corp., 541 U.S. 465, 124 S.Ct. 1951, 1962 (2004). The prime rate of interest is currently 3.25%; The postjudgment interest rate under the Illinois Statute 735 ILCS 5/2-1303 is nine (9%) percent;

accordingly, the Debtor's plan offers less than even the prime rate let alone the statutory interest rate. Moreover, there is no premium for the substantial risk of default. Movant is entitled to a risk premium of between one and three percent. Id. Movant should receive a rate of interest closer to 12.0% in order to compensate for this risk.

16.   Debtor's plan does not adequately protect Movant.

17.   As a result of Debtor's default, the amount presently due and owing from Debtor(s) to Movant is $134,107.04.

18.   Until this action was brought, there was a pending foreclosure sale of the subject property pursuant to the lawsuit in the Circuit Court of Cook County, Illinois seeking to foreclose Movant's Mechanics Lien.

19.   Pursuant to 11 U.S.C. § 1326(a)(1), Movant is entitled to receive payments from the Debtor (or the Trustee) that provide adequate protection for Movant's secured claim. The amount proposed by Debtor's plan for such payments ($0.00 per month) is inadequate to provide adequate protection.

20.   Movant is informed and believes that Debtor is incapable of formulating a Plan that adequately compensates for the value of Movant's secured claim, and the risk of default. Accordingly, confirmation of the plan should be denied and this proceeding should be dismissed.. *See*, Till v. SCS Credit Corp., 541 U.S. 465, 124 S.Ct. 1951, 1963 (2004).

21.   Debtor filed a prior bankruptcy case as case number 14 B 00302 on or about January 7th, 2014.

22.   Case number 14 B 00302 was dismissed on May 20th, 2014 for Debtor's failure to make plan payments.

      WHEREFORE, Movant, B. Bruce, Inc., asks this Court to deny confirmation of Debtor's Chapter 13 Plan.

                                        Respectfully submitted,

                                        B. Bruce, Inc.

                                        /s/ Jay A. Andrew
                                      By: One of its attorneys

Drost, Gilbert, Andrew & Apicella, LLC
800 E. Northwest Hwy., Ste. 1090
Palatine, IL  60074
(847) 934-6000
Attorney No. 6269336

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 15 B 21351 |
| | ) | |
| Michael J. Zita | ) | Judge Carol A. Doyle |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| _____ | ) | |

## ORDER DENYING CONFIRMATION

This cause, coming to be heard on the Objection of B. Bruce, Inc., to Confirmation of Chapter 13 Plan, the Court being advised in the premises, it is hereby ordered:

1.  Confirmation of Debtor's Chapter 13 Plan is denied.

BY THE COURT

DATED:_____          _____
                                                                    JUDGE