Model Plan  Trustee: ☐ Marshall  ☐ Meyer
11/22/2013  ☐ Stearns  ☑ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

**In re:**   )   Case No. **15-21351**
     )
**Michael Joseph Zita**   )
     )
**Debtors.**   )   Original Chapter 13 Plan, dated December 15, 2015

☑   A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household
*Budget*  is **3**; (b) their ages are **36, 7, 10**; (c) total household monthly income is $ **7,270.10**; and (d) total
*items*  monthly household expenses are $ **3,770.00**, leaving $ **3,500.10** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this
*General*  plan; all other unexpired leases and executory contracts are rejected. Both assumption and
*items*  rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____, monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __3,500.00__ monthly for __12__ months [and **$4,600.00 per month for 12 months, then $5,400.00 per month for 12 months, then $5,800.00 per month for 12 months, then $6,800.00 per month for 12 months**], for total payments, during the initial plan term, of $ __313,200.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __15,660.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor __JPMorgan Chase*__, monthly payments of $ __2,505.93__ . These payments, over the term of the plan, are estimated to total $**66,273.08**.

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __66,273.08__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor:  B Bruce Incorporated     Collateral: 181 Herrick Road, Riverside, Illinois 60546
Amount of Secured Claim: $134,107.04   APR: 5.5%   Fixed Monthly Payment: $Paid Pro rata
Total Estimated payments, including interest, on the claim:$160,607.47

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __160,607.47__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __0.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor  __JPMorgan Chase*__ , arrears of $ __67,000.00__ , payable monthly from available funds, pro rata with other mortgage arrears,
☑ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ __67,000.00__ .

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim:  __-NONE-__   shall be paid at  __N/A__  % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____.

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☑ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than  __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ☐ Interest shall not be paid on unsecured claims /or/ ☑ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of  0 % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.** *Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.** *Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.** *Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)        $   313,200.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees        $   15,660.00
   (b) Current mortgage payments        $   66,273.08
   (c) Payments of other allowed secured claims        $   160,607.47
   (d) Priority payments to debtor's attorney        $   0.00
   (e) Payments of mortgage arrears        $   67,000.00
   (f) Payments of non-attorney priority claims        $   0.00
   (g) Payments of specially classified unsecured claims        $   0.00
   (h) Total *[add Lines 2a through 2g]*        $   309,540.55

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*        $   3,659.45

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)        $   10,672.18
   (b) Minimum GUC payment percentage        100 %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*        $   10,672.18
   (d) Estimated interest payments on unsecured claims        $   0.00
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*        $   10,672.18
   (f) Payments available during initial term *[enter Line 3]*        $   3,659.45
   (g) Additional payments required *[subtract Line 4f from Line 4e]*        $   7,012.73

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee        $   3,854.45
   (b) Months in maximum plan term after initial term        0
   (c) Payments available *[multiply line 5a by line 5b]*        $   0.00

| | |
|---|---|
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**   Debtor(s) [Sign only if not represented by an attorney]

_____   _____   Date _____

**Debtor's Attorney**   /s/ Paul Bach    Date   December 14, 2015

*Attorney Information (name, address, telephone, etc.)*

**Paul Bach**
**Sulaiman Law Group, Ltd.**
**900 Jorie Boulevard**
**Suite 150**
**Oak Brook, IL 60523**
**630-575-8181**
**Fax: 630-575-8188**

**Special Terms** *[as provided in Paragraph G]*

1.   JPMorgan Chase Bank has filed a claim for arrears on its first priority mortgage for the real property commonly known as 181 Herrick Road, Riverside, Illinois in the amount of $116,009.38.  This Chapter 13 Plan provides for arrears to JPMorgan Chase Bank, N.A. in the amount of $67,000.00.  The balance of the arrears claim in the amount of $49,009.38 will not be paid as a part of this Chapter 13 Plan and will not be discharged upon the completion of payments by the Debtor as to JPMorgan Chase Bank.  Any discharge under 11 USC 1328 shall only apply as to the amount of the arrears and the amount actually paid by this Chapter 13 Plan.

2.   Any proceeds (after payment costs and attorney fees) from the collection against J K Goldberg, Inc shall be paid to Chapter 13 Trustee.

3.   The Secured Claim of B Bruce Inc. under Section E3.1(a) shall be paid pro rata so any funds available based on the same priority to a creditor under E3.1(a) shall be paid to B Bruce Inc.   The fixed payment listed of $0.00 under E3.1(a) is superceded by this Section.

4.   The Lien of B Bruce Inc. shall be released within 30 days of the entry of Discharge in this case.

United States Bankruptcy Court
Northern District of Illinois

In re:  Case No. 15-21351-CAD
Michael Joseph Zita  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: dgomez                  Page 1 of 3                  Date Rcvd: Dec 18, 2015
                              Form ID: pdf003               Total Noticed: 65

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 20, 2015.

```
db             +Michael Joseph Zita,    181 Herrick Road,    Riverside, IL 60546-2045
23411914       +B Bruce Incorporated,    c/o Drost Gilbert, Andrew & Apicella LLC,
                 800 E. Northwest Highway, #1090,    Palatine, IL 60074-6580
23411913       +B Bruce Incorporated,    C/O RA Rebecca Bruce,    9052 S. Latoma Avenue,
                 Oak Lawn, IL 60453-1467
23573805       +B. Bruce, Inc.,    c/o Drost, Gilbert, Andrew & Apicella, L,
                 800 E. Northwest Highway, Suite 1090,    Palatine, IL 60074-6580
23411932       +CT Corporate System, RA for,    Mortgage Electronic Registration Systems,
                 208 South LaSalle Street, Suite 814,    Chicago, IL 60604-1101
23411916       +Capital Financial Bancorp, Inc.,    C/O RA Edward E. Reda Jr.,    8501 West Higgins Suite 440,
                 Chicago, IL 60631-2811
23411915       +Capital Financial Bancorp, Inc.,    1699 E. Woodfield Road,    Suite 500,
                 Schaumburg, IL 60173-4958
23411918       +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
23411920       +Central DuPage Hospital,    25 North Winfield,    Winfield, IL 60190-1295
23411919        Central Dupage Emergency Physician,    Department 20 1098 PO Box 5940,    Carol Stream, IL 60197
23411921       +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
23411922       +Chase Card,    201 N. Walnut Street//De1-1027,    Wilmington, DE 19801-2920
23411923       +Codilis & Associates,    15W030 N. Frontage Road,    Burr Ridge, IL 60527-6921
23411924       +Codilis & Associates, P.C.,    15W030 North Frontage Road, Suite 100,
                 Burr Ridge, IL 60527-6921
23411927       +Comenity Bank,    220 W. Schrock Road,    Westerville, OH 43081-2873
23411928       +Comenity Bank,    P.O. Box 182273,    Columbus, OH 43218-2273
23411926       +Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
23411925       +Comenity Bank,    3100 Easton Square Place,    Columbus, OH 43219-6232
23411929       +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
23411930       +Cook County State's Attorney,    69 W. Washington, Suite 3200,    Chicago, IL 60602-3174
23411933       +D. Patrick Mullarkey (Tax Div DOJ),    P.O. Box 55,    Ben Franklin Station,
                 Washington, DC 20044-0055
23411935       +Dinatale Law Offices P L,    2501 DesPlaines Avenue,    Riverside, IL 60546-1521
23411936       +Drost Gilbert Andrew,    APIC,    800 E Northwest H1090,    Los Angeles, CA 90074-0001
23411937       +Enhanced Recovery Company, LLC,    C/O LEXISNEXIS Document Solutions,
                 801 Adlai Stevenson Drive,    Springfield, IL 62703-4261
23411939        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23411940       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23411941       +Federal Emergency Management Agency,    Management Agency,    PO Box 10055,
                 Hyattsville, MD 20782-8055
23411942       +Health Care Recovery Solutions,    1515 190th Street,    Suite 350,    Gardena, CA 90248-4910
23411943       +Healthcare Recovery Solution,    1515 W 190th Street S-35,    Gardena, CA 90248-4319
23411944       +Hoogendoorn and Talbot LLP,    Anthony J. Kolt,    122 South Michigan Avenue, Suite 1220,
                 Chicago, IL 60603-6263
23411945      ++ILLINOIS DEPARTMENT OF REVENUE,    BANKRUPTCY DEPARTMENT,    P O BOX 64338,
                 CHICAGO IL 60664-0338
               (address filed with court:   Illinois Department of Revenue,    PO Box 19035,
                 Springfield, IL 62794)
23411954       +JPMorgan Chase,    270 Park Avenue,    New York, NY 10017-2014
23411953       +JPMorgan Chase Bank, N.A.,    270 Park Avenue,    New York, NY 10017-2014
23433298       +JPMorgan Chase Bank, National Association,    c/o Codilis & Associates, P.C.,
                 15W030 N. Frontage Road,    Suite #100,    Burr Ridge, IL 60527-6921
23411951       +Jay A. Andrew,    Drost, Gilbert, Andrew & Apicella, LLC,    800 East NW Highway Suite 1600,
                 Palatine, IL 60074-6519
23411952       +Jay A. Andrew, Biebandt, & Dewald, PC,    1237 S. Arlington Heights Road,
                 Arlington Heights, IL 60005-3142
23411956       +Loyola University Health System,    2160 S First Avenue,    Maywood, IL 60153-3328
23411957       +Loyola University Medical Center,    2160 South First Avenue,    Maywood, IL 60153-3328
23411958       +Michelle Zita,    181 Herrick Road,    Riverside, IL 60546-2045
23411963       +Schaaf Window Co., Inc.,    C/O RA George Schaaf,    18445 Thompson Court,
                 Tinley Park, IL 60477-6743
23411964       +Schaaf Window Company,    18445 Thompson Court,    Tinley Park, IL 60477-6743
23411968       +Sprintcom, Inc.,    C/O RA Illinois Corporation Service,    801 Adlai Stevenson Drive,
                 Springfield, IL 62703-4261
23411969       +The Outsource Group,    3 Cityplace Drive,    Saint Louis, MO 63141-7089
23411970       +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
23411971       +United States of America, c/o U.S. Attor,    219 South Dearborn Street, 5th Floor,
                 Chicago, IL 60604-2029
23411972       +W. Craig Fugate,    Administrator of FEMA,    50 C Street SW,    Washington, DC 20472-0001
23411973       +World Finacial Network Bank,    PO Box 182273,    Columbus, OH 43218-2273
23411974       +World Financial Network National Bank,    BK Department,    P.O. Box 182125,
                 Columbus, OH 43218-2125
23411975       +World Financial Network National Bank,    1 Righter Parkway Suite 100,
                 Wilmington, DE 19803-1533
23411976       +World Financial Network National Bank,    3100 Easton Square Place,    Columbus, OH 43219-6232
```

```
District/off: 0752-1          User: dgomez              Page 2 of 3                   Date Rcvd: Dec 18, 2015
                              Form ID: pdf003           Total Noticed: 65
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
23411917       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 19 2015 01:14:56      Capital One, N.A. *,
                 c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
23411931       +E-mail/Text: lbankruptcy@cookcountytreasurer.com Dec 19 2015 01:21:44
                 Cook County Treasurer's Office,    118 North Clark Street, Room 112,    Chicago, IL 60602-1590
23411938       +E-mail/Text: bknotice@erccollections.com Dec 19 2015 01:21:31      Enhanced Recovery Corp,
                 Attention: Client Services,    8014 Bayberry Road,    Jacksonville, FL 32256-7412
23411934        E-mail/Text: cio.bncmail@irs.gov Dec 19 2015 01:20:41      Department of the Treasury,
                 Bureau of the Fiscal Service,    PO Box 1686,    Birmingham, AL 35201
23411946        E-mail/Text: rev.bankruptcy@illinois.gov Dec 19 2015 01:21:20
                 Illinois Department of Revenue,    Po Box 64338,    Chicago, IL 60664-0338
23411955       +E-mail/Text: bnckohlsnotices@becket-lee.com Dec 19 2015 01:20:30      Kohl's Credit *,
                 N56 W17000 Ridgewood Drive,    Menomonee Falls, WI 53051-7096
23411959        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2015 01:14:46
                 Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,    Norfolk, VA 23541
23411960        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2015 01:15:03
                 Portfolio Recovery Associates,    Po box 12914,    Norfolk, VA 23541
23798305        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2015 01:15:10
                 Portfolio Recovery Associates, LLC,    successor to COMENITY BANK,    (CARSON'S),   POB 41067,
                 Norfolk VA 23541
23411961       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 19 2015 01:14:31
                 Portfolio Recovery Associates, Inc,    120 Corporate Boulevard,    Norfolk, VA 23502-4962
23411962       +E-mail/Text: bnc-quantum@quantum3group.com Dec 19 2015 01:21:01
                 Quantum3 Group LLC agent for,    Galaxy Asset Purchasing LLC,    PO Box 788,
                 Kirkland, WA 98083-0788
23411965        E-mail/Text: appebnmailbox@sprint.com Dec 19 2015 01:21:07       Sprint,   6391 Sprint Parkway,
                 Overland Park, KS 66251
23502559        E-mail/Text: appebnmailbox@sprint.com Dec 19 2015 01:21:07       Sprint,   Attn Bankruptcy Dept,
                 PO Box 7949,    Overland Park KS 66207-0949
23411967        E-mail/Text: appebnmailbox@sprint.com Dec 19 2015 01:21:08       Sprint,   PO Box 7949,
                 Overland Park, KS 66207
23411966       +E-mail/Text: appebnmailbox@sprint.com Dec 19 2015 01:21:07       Sprint,   PO Box 3827,
                 Englewood, CO 80155-3827
                                                                                              TOTAL: 15

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23411949*     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court: Internal Revenue Service,     Department of Treasury,
                 Kansas City, MO 64999)
23411950*     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court: Internal Revenue Service,     Federal Payment Levy Program,
                 Stop 5050, Annex 5, PO Box 219236,     Kansas City, MO 64121)
23411948*     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court: Internal Revenue Service,     P.O. Box 802503,    Cincinnati, OH 45280)
23411947*      Internal Revenue Service,    Po Box 7346,    Philadelphia, PA 19101-7346
                                                                                    TOTALS: 0, * 4, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 20, 2015                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0752-1          User: dgomez              Page 3 of 3                 Date Rcvd: Dec 18, 2015
                              Form ID: pdf003           Total Noticed: 65
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 17, 2015 at the address(es) listed below:

```
              Jay A Andrew    on behalf of Creditor    B. Bruce, Inc. jaa@dgaalaw.com,  jaalaw@ymail.com
              Joel P Fonferko    on behalf of Creditor    JPMorgan Chase Bank, National Association
               ND-One@il.cslegal.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Paul M Bach    on behalf of Debtor 1 Michael Joseph Zita ecfbach@gmail.com,
               ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;m
               badwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexp
               ress.info
              Tom   Vaughn    ecf@tvch13.net,   ecfchi@gmail.com
                                                                                             TOTAL: 5
```